OPINION
{¶ 1} Christopher Fulton entered pleas of guilty to receiving stolen property, a fifth degree felony (trial court case no. 2-CR-24) and burglary, a third degree felony (trial court case no. 2-CR-79). The burglary had been charged as a second degree felony but was reduced to a third degree felony pursuant to plea negotiations. After obtaining a presentence report, the trial court imposed consecutive sentences of eleven months (2-CR-24) and three years (2-CR-79).
 {¶ 2} On appeal, Fulton advances three assignments of error.
 {¶ 3} "1. The Trial Erred To Defendant's Prejudice By Failing To Address Defendant In The Manner Required By Criminal Rule 11."
 {¶ 4} Fulton observes — correctly — under this assignment that during the Crim.R. 11 colloquy, the trial court failed to inform him, as required by Crim.R. 11(C)(2)(b), that, upon acceptance of his guilty pleas, it could proceed to judgment and sentence.
 {¶ 5} The trial court did not sentence Fulton immediately after accepting his guilty pleas but, rather, three weeks later, after receiving a presentence investigation.
 {¶ 6} Fulton has not asserted that prejudice resulted from the trial court's failure to advise him pursuant to Crim.R. 11(C)(2)(b) and we discern none.
 {¶ 7} The first assignment is overruled.
 {¶ 8} "2. The Trial Court Erred To Defendant's Prejudice By Failing To Advise Defendant Of Defendant's Right To Appeal Or Seek Leave To Appeal The Sentence Imposed."
 {¶ 9} Fulton points out — again correctly — that after imposing sentence, the trial court failed to advise him of his appellate rights. See Crim.R. 32(B).
 {¶ 10} The State concedes error. It points out that the trial court did inform Fulton of a right to appeal when he entered his guilty pleas, which Fulton acknowledged at that time. More fundamental, the State observes that Fulton has suffered no prejudice because he has perfected an appeal. We agree. Furthermore, we do not read R.C. 2953.08 as imposing a duty upon the trial court to advise a defendant of appellate rights. Rather, this section serves to prescribe appellate rights in the context of felony sentencing.
 {¶ 11} The second assignment is overruled.
 {¶ 12} "3. The Trial Court Erred To Appellant's Prejudice By Imposing Consecutive Sentences."
 {¶ 13} Under this assignment, Fulton first argues that the trial court failed to make all of the requisite findings for its imposition of consecutive sentences. In response to the State's contention that all of the requisite findings are contained in the trial court's judgment entry even if they were not all stated in Fulton's presence at sentencing, Fulton argues that the trial court was required to state all requisite findings in his presence, citing Crim.R. 43(A).
 {¶ 14} The judgment entry contains all of the findings required by R.C. 2929.14(E)(4). At the sentencing hearing, the trial court observed that the burglary was committed while Fulton was on bond on the earlier receiving stolen property charge. R.C. 2929.14(E)(4)(a). Further, the trial court stated consecutive sentences were necessary to protect the public and to punish Fulton. R.C. 2929.14(E)(4). The trial court failed — as the State concedes — to state that consecutive sentences were not disproportionate to the seriousness of Fulton's conduct and the danger he poses to the public. (That finding was made in the judgment entry).
 {¶ 15} We are satisfied that the trial court made the findings required by R.C. 2929.14(E)(4).
 {¶ 16} The question of whether all of the R.C. 2929.14(E)(4) findings must be stated in the defendant's presence was discussed inState v. Riggs (October 11, 2000), Summit App. 19846. In that case, the court held 2-1 that it is sufficient if the judgment entry contains the findings required by R.C. 2929.14(E)(4). While it may be better practice to announce the requisite findings in the defendant's presence, we don't believe failure to do so warrants reversal where the requisite findings are contained in the judgment entry.
 {¶ 17} This assignment, by its terms, is limited to the findings
required by R.C. 2929.14(E)(4). This assignment does not address the sufficiency of the court's reasons for imposing consecutive sentences — see R.C. 2929.19(B)(2)(c) — and we therefore decline to address the trial court's reasons.
 {¶ 18} The third assignment is overruled.
 {¶ 19} The judgment will be affirmed.
FAIN, P.J. and BROGAN, J., concur.